FILED

2014 FEB 11 AM 11:35

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO: 5:13-CV-455-OC-10PRL**

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.**

**JENIFER E. HOFFMAN, JOHN C. BOSCHERT, and BRYAN T. ZUZGA**

**Defendants,**

---

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JENIFER E. HOFFMAN, TO PLAINTIFFS COMPLAINT.**

Defendant JENIFER E HOFFMAN, an individual, hereby serve and file this Answer and Affirmative Defenses to all counts directed in the Complaint filed on or about September 18, 2013 by Plaintiff SECURITIES AND EXCHANGE COMMISSION.

Jenifer Hoffman states the following in numbered paragraphs that correspond to those set forth in the Plaintiffs' Complaint:

1. Admitted.
2. Denied.
3. Denied.
4. Denied.

5. Denied.
6. Denied.
7. Denied.
8. Denied.
9. Denied.

## DEFENDANTS AND RELATED ENTITY

10. Admitted.
11. Do not have sufficient information or knowledge to admit or deny
12. Do not have sufficient information or knowledge to admit or deny
13. Admitted.

## JURISDICTION AND VENUE

14. Admitted for jurisdictional purposes only.
15. Admitted for venue purposes only.
16. Do not have sufficient information to admit or deny.
17. Denied.

## THE DEFENDANTS' FRAUDULENT INVESTMENT SCHEME

18. Denied
19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## MATERIAL MISREPRESENTATIONS AND OMISSIONS

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Admitted.

## COUNT I

56. The answers to paragraphs 1 through 55 are reincorporated herein by reference.

57. Denied.

58. Denied.

## COUNT II

59. The answers to paragraphs 1 through 55 are reincorporated herein by reference.

60. Denied.

61. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' claims against Hoffman individually are barred because a manager of a limited liability company is insulated from liability un F.S 608.4227 and the fact that the party the Plaintiffs' contracted with was Assured Capital, not Hoffman individually. In order for an officer, director or agent of a seller of securities to be held personally liable, he or she must engage in some acts which to induce the purchaser to invest. No such act by Hoffman took place.

### SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part for failure to meet the particularity standard for pleading fraud because, *inter alia,* Plaintiffs' have failed to allege: (1) the exact statements or omissions made; (2) the time and place of each such statement and who made the statement or omission; (3) the substance of the statement and how it misled the Plaintiffs; and (4) the Defendants' gain due to the alleged fraud. Such specificity is required by FRCP Rule 9(b).

### THIRD DEFENSE

Defendant asserts that many of the alleged misrepresentations are expressly contradicted by the correct version of the Joint Venture Revenue Share Agreement.

## FOURTH DEFENSE

Defendant asserts that the allegations of misrepresentation fail because they are representations of opinion, not fact. For representation to be actionable it must be a representation of fact, not opinion. A promise of future action is also insufficient grounds

for a misrepresentation claim. Id; Vance v. Indian Hammock Hunt & Riding Club Ltd., 403 So.2d 1367, 1371 (Fla. 4th DCA 1981). To be actionable, a defendant's representation must concern existing or past facts or conditions.

## FIFTH DEFENSE

Defendant asserts that the Plaintiffs fail to state a cause of action under Section 517.211, Florida Statutes. On information and belief, the correct version of the Joint Venture Revenue Share Agreement does not constitute a "security" or "investment contract" under Florida law. Even if it is assumed for purposes of argument to be a "security" or "investment contract", then on information and belief, the Joint Venture Revenue Share Agreement is an exempt transaction under Section 517.061, Florida Statues.

## SIXTH DEFENSE

Plaintiffs are barred from the relief they seek because they cannot prove causation, have suffered no legally cognizable injury, and have incurred no demonstrable amount of actual damages that can be proven to arise in conjunction with the correct version of the Joint Venture Revenue Share Agreement. Plaintiffs alleged

damages for a return on investment are also too speculative to be recoverable under governing law.

## SEVENTH DEFENSE

To the extent the Plaintiffs are later found to be entitled to any damages, fines or other relief, the same were caused by the intervening or superseding acts of other, specifically Defendants JOHN C BOSCHERT and BRYAN T ZUZGA, without the requisite degree of fault necessary to establish liability on the part of Hoffman individually. Hoffman asserts entitlement to apportionment of responsibility if liability is established.

## EIGHTH DEFENSE

The action and any relief sought by Plaintiffs may be barred, in whole or in part, by additional defenses that cannot now be articulated because of the generality of the Plaintiffs complaint and the fact this case just began. Accordingly, Defendant reserves her right to supplement the foregoing and to raise additional defenses as may appear during the progress of this case to the full extent allowed under governing law. Defendant also reserves all defenses that are not required to be pled in the Answer, as Plaintiffs have the burden of proof.

Respectfully submitted, February 11th, 2014.

Jenifer Hoffman

Jenifer E. Hoffman

Defendant

**Address:**
13148 Summerlake Way
Clermont, FL 34711
**Phone:**
407-928-2957
**Email:**
hoffmje34@yahoo.com

## CERTIFICATE OF SERVICE:

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. mail to Middle District of Florida Clerks office at 207 NW Second Street, Ocala, FL 34475 on this 11th Day of February 2014

I also certify that the foregoing document is being served to the Attorney for the Plaintiff, Russell Koonin, by electronic mail.