UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                         Case No: 5:13-cv-455-Oc-10PRL

JENIFER E. HOFFMAN, JOHN C.
BOSCHERT and BRYAN T. ZUZGA

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion to Strike Defendant Jenifer E. Hoffman's Affirmative Defenses, filed on March 7, 2014. (Doc. 31). On March 31, 2014, the undersigned entered an Order directing Ms. Hoffman to show cause, on or before April 10, 2014, why the Motion to Strike should not be granted and advising that failure to timely respond would result in the Court ruling on the Motion to Strike without a response from Ms. Hoffman. (Doc. 33). Ms. Hoffman did not file a response, and thus, the Court will treat the Motion to Strike as unopposed.

In its Complaint (Doc. 1), Plaintiff, the Securities and Exchange Commission ("Commission") alleges that Defendants, including Ms. Hoffman violated anti-fraud provisions of the federal securities laws through an allegedly fraudulent prime bank offering scheme. The Commission seeks declaratory relief stating that Defendants have violated federal securities law, a permanent injunction enjoining further violations, an order directing Defendants to disgorge all ill-gotten gains, and an order imposing civil monetary penalties. In response, Ms. Hoffman,

- 2 -

who is proceeding *pro se*, raises eight affirmative defenses, all of which the Commission is seeking to strike. (Doc. 29). As noted above, Ms. Hoffman has raised no objection.

The Commission seeks to strike Ms. Hoffman's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f), which authorizes the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts have stricken affirmative defenses asserted against the Commission where it is clear that the defense is "irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *SEC v. Gulf & W. Indus., Inc.*, 502 F. Supp. 343, 345 (D.D.C. 1980).

The Court agrees that Ms. Hoffman's affirmative defenses are due to be stricken for the following reasons. The First, Fourth, Fifth, Sixth, and Seventh affirmative defenses are defenses under Florida statutory and/or common law and have no application in a case involving federal securities laws.[1] The remaining defenses are not proper affirmative defenses. "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). The Second affirmative defense is not actually a defense but rather a challenge to the sufficiency of the pleadings – i.e., that the Commission failed to plead its fraud claims with the particularity required by Rule 9(b), Federal

---

[1] The First affirmative defense alleges that Ms. Hoffman is insulated from liability under §608.4227, Florida Statutes as a manager of a limited liability company. The Fourth affirmative defense asserts a state law defense to allegations of misrepresentation. The Fifth affirmative defense asserts that the Commission fails to state a claim under §517.211, Florida Statutes, which concerns remedies available in cases of the unlawful sale of a security. The Sixth affirmative defense claims that Plaintiff cannot prove causation, has suffered no legally cognizable injury, and has incurred no actual damages – all common law defenses to a tort claim. Likewise, the Seventh affirmative defense, asserts that Ms. Hoffman is not liable because any damages were caused by intervening or superseding acts of her co-defendants.

Rules of Civil Procedure.  The Third affirmative defense is a denial of allegations in the Commission's Complaint, and thus, not an affirmative defense.  Finally, the Eighth affirmative defense is a request by Plaintiff for leave to amend her answer indefinitely.

Accordingly, for the foregoing reasons, and in the absence of any objection by Ms. Hoffman, Plaintiff's Motion to Strike Defendant Jenifer E. Hoffman's Affirmative Defenses (Doc. 31) is due to be **GRANTED** and all of her affirmative defenses (Doc. 29) are hereby **STRICKEN**.

**DONE** and **ORDERED** in Ocala, Florida on April 15, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties