UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

-vs-                                  Case No. 5:13-cv–455-Oc-10PRL

JENIFER E. HOFFMAN, JOHN C. BOSCHERT, AND BRYAN T. ZUZGA,

        Defendants.
_____/

**O R D E R**

This case is before the Court on the Plaintiff's Notice of Dismissal With Prejudice (Doc. 55). On September 18, 2013, Plaintiff, the Securities and Exchange Commission ("SEC"), brought this suit against the Defendants seeking to enjoin them from further violations of the anti-fraud provisions of the federal securities laws (Doc. 1). The SEC requested declaratory relief, a permanent injunction, disgorgement (including prejudgment interest), and penalties (Id., p. 13). Defendants Zuzga and Hoffman filed answers to the complaint (Docs. 20, 29). Defendant Boschert did not.

On July 23, 2014, July 28, 2014, and August 6, 2014, the SEC moved for entry of a consent permanent injunction against Defendants Hoffman, Zuzga, and Boschert, respectively (Docs. 44, 45, 49). The Court entered Judgments and permanent injunctions accordingly on August 5, 2014 and August 7, 2014 (Docs. 47, 48, 50). The

permanent injunctions resolved the SEC's claims for declaratory and injunctive relief, but left pending the claims for disgorgement, prejudgment interest, and penalties.

On August 13, 2014, the United States initiated criminal proceedings in this Court against these three Defendants, based on the same conduct, alleging violations of 18 U.S.C. §§ 1343, 1349, and 2 (Case No. 5:14-cr-34). The SEC subsequently notified the Court that it would not go forward with its civil case against these Defendants, and in particular would not seek any disgorgement or penalties, until the criminal case was fully resolved (Docs. 51, 54). Each of the Defendants ultimately pleaded guilty in their criminal case and judgments have now been entered against all three of them (Docs.104, 133, 141, Case No. 5:14-cr-34).

With the criminal case fully resolved, the SEC has now filed the present notice of dismissal with prejudice of its claims for disgorgement, including prejudgment interest, and civil penalty (Doc. 55). The SEC states that it seeks this voluntary dismissal "because of, among other things, the resolution of their respective parallel criminal cases. . . ." (Id.).

Normally a notice of voluntary dismissal cannot operate to dismiss a case where the defendant has previously filed an answer or motion for summary judgment. See Fed. R. Civ. P. 41(a)(1)(A)(i). Two of the three Defendants answered the complaint (Docs. 20, 29). However, in this case, the SEC's notice states that the injunctive and declaratory relief claims have been resolved by a consent permanent injunction, that it was up to the SEC to determine disgorgement, prejudgment interest and civil penalty

amounts, and that the SEC has now decided not to pursue any such recovery. Moreover, none of the Defendants have filed a response to the SEC's notice, and the time for responding has expired.

Accordingly, it is clear that the Parties wish to have this case dismissed and judgment entered. The Clerk is therefore directed to enter judgment dismissing the remaining claims in this case – the claims for disgorgement, including prejudgment interest, and civil penalties – WITH PREJUDICE, each Party to bear its own fees and costs. Because all other claims were previously resolved and judgment has been entered (Docs. 47, 48, 50), the Clerk is further directed to terminate all pending motions and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 7th day of January, 2016.

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Mari Jo Taylor